Exhibit A
Attachment 2



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF SPECIAL EDUCATION AND REHABILITATIVE SERVICES
REHABILITATION SERVICES ADMINISTRATION

July 10, 2023

Andrew D. Freeman
Brown Goldstein and Levy, LLC
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202

Gerald R. Krimbill
Fort Sam Houston Mission and Installation
    Contracting Command
2219 Infantry Post Rd.
Fort Sam Houston, TX 78234-1361

Re:  Arizona Department of Economic Security, Arizona State licensing agency v. United States Department of the Army, Fort Huachuca, Case no. R-S/23-05

Dear Mr. Freeman and Mr. Krimbill:

We reviewed the complaint filed in this case by Mr. Andrew Freeman on behalf of the Arizona Department of Economic Security, the Arizona State licensing agency (SLA) against the U.S. Department of the Army, Fort Huachuca (Army) requesting that the U.S. Department of Education convene an arbitration panel pursuant to the Randolph-Sheppard Act (Act) (20 U.S.C. §§ 107d-1(a) and 107d-2) and the implementing regulations at 34 C.F.R. § 395.37.

The SLA alleges that the Army violated the Act and the implementing regulations at 34 C.F.R. §§ 395.33(a) and 395.33(b) by: finding the SLA's bid technically unacceptable due to deficiencies in the staffing plan; excluding the bid from the competitive range; failing to apply the criteria stated in the Solicitation uniformly to all bidders; and relying on factors other than the criteria stated in the Solicitation when evaluating the proposals and setting the competitive range. A complete statement of the facts alleged and the relief sought is in the complaint for arbitration.

We received a statement from the SLA that settlement efforts with the Army were unsuccessful.

By this letter, the Secretary authorizes the convening of an arbitration panel to hear and render a decision on the issues raised in the complaint. The central issues to be addressed are whether the Army violated the Randolph-Sheppard Act and implementing regulations by finding the SLA's bid technically unacceptable, applying the solicitation criteria unfairly, and ultimately excluding the SLA from the competitive range. The questions 1, 2, 4, and 5 that the SLA raises in the conclusion of its complaint are part of determining these central issues.

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-2800
www.ed.gov
*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 – Mr. Freeman and Mr. Krimbill

The third issue raised by the SLA—whether the Army violated section 107d-3(e) of the Act and 34 CFR §395.33(a) by failing to consult with the Secretary so that he could determine whether the SLA could provide the dining services at a reasonable cost—will not be before the arbitration panel. The facts as alleged by the SLA, even if true, would not constitute a violation of this provision. Section 395.33(a) sets forth the requirement that a priority exists for blind vendors in the operation of a cafeteria on Federal property and Section 395.33(b) provides how that priority is implemented by Federal agencies. Section 395.33(a) and (b) provide in pertinent part:

> (a) Priority in the operation of cafeterias by blind vendors on Federal property shall be afforded when the Secretary determines, on an individual basis, and after consultation with the appropriate property managing department, agency, or instrumentality, that such operation can be provided at a reasonable cost, with food of a high quality comparable to that currently provided employees, whether by contract or otherwise. . . .
> (b) . . . If the proposal received from the State licensing agency is judged to be within a competitive range and has been ranked among those proposals which have a reasonable chance of being selected for final award, the property managing department, agency or instrumentality *shall consult with the Secretary as required under paragraph (a) of this section.* (emphasis added).

Section 395.33(b)'s requirement that the Federal agencies consult with the Secretary after finding that a SLA's proposal is within the competitive range and has been ranked among those proposals which have a reasonable chance of being selected for a final award is the implementation of the requirement in section 395.33(a) that the Secretary consult with the Federal agencies and make an individual determination regarding the application of the priority to the SLA's offer to provide cafeteria services. This is evidenced by the reference in section 395.33(b) to the consultation requirement in section 395.33(a). There is no separate consultation requirement in section 395.33(a).

This same interpretation of Section 395.33 has been reached by at least two different courts in recent years. *See Ga. Vocational Rehab. Agency v. United States,* 354 F.Supp.3d 690, 698 (E.D. Va. 2018); *Oklahoma Department of Rehabilitation Services v. United States,* 2018 WL 10373342, Case No. CIV-18-1197-SLP (W.D. Ok Dec. 17, 2018). In addition, after interagency consultation, the Army has recently added a specific regulation encapsulating this same interpretation in its Randolph-Sheppard Consultation Submission Requirements at AFARS PGI 5108.12-90-1.

Because the SLA failed to allege sufficient facts under allegation 3 that if proved would establish a failure to comply with 34 C.F.R. § 395.33, RSA is not including this allegation in the list of issues for the arbitration panel to consider pursuant to Section 5 of the Policies and Procedures for Convening an Arbitration Panel between SLAs and Federal Agencies. However, if the SLA is able, within 21 days, to allege sufficient facts that if proven would establish a violation of the consultation provision of Section 395.33, given ED's interpretation of that provision, RSA will revise this convening letter accordingly.

Page 3 – Mr. Freeman and Mr. Krimbill

We also note that, although the SLA's complaint asks the arbitration panel to consider what steps the Army should take to carry out the decision of the panel if it finds that the Army has violated the Act and its implementing regulations, courts interpreting Section 107d-2(b)(2) of the Act have found that an arbitration panel convened to hear a complaint filed by an SLA against a Federal agency has the authority to determine whether a violation of the Act has occurred, but does not have authority to order the agency to undertake any particular remedy. "The statute places the responsibility for ending the violation on the head of the federal entity." *See Maryland State Dep't of Educ. v. U.S. Dep't of Veterans Affairs*, 98 F.3d 165, 169 (4th Cir. 1996); *Georgia Department of Human Resources v. Nash*, 915 F.2d 1482, 1492 (11th Cir. 1990). Under Section 107d-2(b)(2) of the Act, it is the Federal agency's responsibility to cease the violation and to take the steps necessary to carry out the arbitration panel's decision. That section provides, in pertinent part:

If the panel appointed pursuant to paragraph (2) finds that the acts or practices of any such department, agency, or instrumentality are in violation of this chapter, or any regulation issued thereunder, the head of any such department, agency, or instrumentality shall cause such acts or practices to be terminated promptly and shall take such other action as may be necessary to carry out the decision of the panel.

Under the authority of 20 U.S.C. § 107d-2, the Secretary uses the "Policies and Procedures for Convening and Conducting an Arbitration" to process complaints. According to Section 6, it is the responsibility of the SLA and the Army to each select an arbitration panel member within 15 days of the date of receipt of this notice and to notify Jim McCarthy, Program Specialist, of the designee's name, address, telephone number, and email address (if available). These panel members will, within 30 days of receipt of notice of their selection, designate a third member to serve as the neutral panel chairperson. The panel chairperson will set the date, time, and place of the hearing.

Please keep Mr. McCarthy apprised of developments as they occur at James.McCarthy@ed.gov, (202) 245-6703, or U.S. Department of Education, Rehabilitation Services Administration, 400 Maryland Ave. SW, Room 5064D (PCP), Washington, DC 20202-2800.

Sincerely,

CAROL DOBAK
Digitally signed by CAROL DOBAK
Date: 2023.07.10 14:06:31 -04'00'

Carol L. Dobak
Deputy Commissioner,
delegated the authority to perform the
functions and duties of the Commissioner